UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTONETTE JEFFERSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-20-1068 |
| STATE BOARD OF LAW EXAMINERS, CHARACTER COMMITTEE FOR THE FOURTH CIRCUIT, and STAFF OF THE MD STATE BOARD OF LAW EXAMINERS, | * * * | |
| Defendants. | * | |

\*\*\*

## ORDER

Plaintiff Antonette Jefferson, self-represented litigant, filed the above-captioned Complaint and Motion for Leave to Proceed In Forma Pauperis. ECF Nos. 1, 2. Jefferson appears indigent, and so she may proceed in forma pauperis.

Because Jefferson filed this Complaint in forma pauperis, and pursuant to 28 U.S.C. § 1915(a)(1), the Court must guard against filing abuses by reviewing the Complaint for sufficiency. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful of its obligation to construe liberally the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se Complaint, the Court accepts as true and most favorably to the plaintiff all factual allegations. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys. A plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint

to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

Jefferson alleges that Defendants have discriminated against her because of her race, gender and disability by denying her admission to the Maryland Bar. The Complaint allegations, however, pertain solely to her disability. Additionally, Jefferson includes as Defendants "Staff of the MD State Board of Law Examiners" rather than identifying individual defendants. Jefferson will be granted 28 days to supplement the Complaint to provide allegations supporting her claims of race and gender discrimination and also to name individual staff of the Maryland State Board of Law Examiners she intends to name as Defendants. If Jefferson does not supplement the Complaint in 28 days, the action will proceed only against the State Board of Law Examiners and the Character Committee for the Fourth Circuit on the basis of disability discrimination.

If Jefferson supplements the Complaint, she must include the names of individuals she claims are responsible for the alleged wrongdoing; dates of the alleged incidents; facts supporting the claims; and an explanation of how her civil and other rights were violated by the alleged conduct. Jefferson is reminded that case citations or exhibits are not required; however, if an exhibit would assist the court and the named Defendants in understanding the basis of the Complaint, the exhibit should be included. Jefferson is also reminded to include the case number listed above on each filing with the Court.

Accordingly, IT IS this 31st day of July 2020, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff Jefferson IS GRANTED 28 days from the date of this Order to file a supplement to the Complaint;

2. Plaintiff Jefferson IS FOREWARNED that failure to file a supplemental Complaint in the time specified will result in dismissal of Defendant "Staff of the MD State Board of Law Examiners" and the claims of race and gender discrimination without prejudice and without further notice from the Court; and

3. The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff Jefferson.

/S/
Paula Xinis
United States District Judge